IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EBONY M. FOSTON**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CAUSE No. 4:18-CV-2027 |
| | § | |
| **FW SERVICES, INC.**, **PACESETTER PERSONNEL SERVICE, INC.**, d/b/a **PACESETTER PERSONNEL SERVICES**, **KENNETH E. JOEKEL**, and **ROBERT MOODY** d/b/a **RDM DETAILERS**, | § § § § § § § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Ebony M. Foston brings her First Amended Complaint against Defendants FW Services, Inc., Pacesetter Personnel Service, Inc., d/b/a Pacesetter Personnel Services; Kenneth E. Joekel; and Robert Moody d/b/a RDM Detailers, and in support hereof, states as follows:

**I.     PARTIES**

1.     Plaintiff Ebony M. Foston is a citizen of Texas residing within the geographic boundaries of this Court.

2.     Defendant FW Services, Inc. ("FW Services"), is a corporation organized under the laws of the State of Texas with its principal place of business in Houston, Texas. At all times relevant, FW Services was subject to the obligations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

3.     Defendant Pacesetter Personnel Service, Inc., d/b/a Pacesetter Personnel Services ("Pacesetter") is a corporation organized under the laws of the State of Texas with its principal

place of business in Houston, Texas. At all times relevant, Pacesetter was subject to the obligations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As of January 17, 2017, Pacesetter's corporate charter was forfeited by Texas due to nonpayment of taxes. Its corporate charter was reinstated on August 28, 2018.

4. Defendant Kenneth E. Joekel was, at all times relevant, the President and Director of Pacesetter and, accordingly, is liable for all debts of Pacesetter as provided by Sections 171.252 and 171.255 of the Texas Tax Code. Mr. Joekel is a citizen of Texas residing and doing business within the geographic boundaries of this Court.

5. Defendant Robert Moody d/b/a RDM Detailers ("RDM") is a citizen of Texas residing and doing business within the geographic boundaries of this Court. At all times relevant, RDM was subject to the obligations of Title VII.

## II.   JURISDICTION & VENUE

6. The Court has subject matter jurisdiction over this matter because Plaintiff's claims arise under federal law.

7. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred within the geographic boundaries of this Court.

## III.   FACTS

8. In 2016, Ms. Foston was employed by FW Services and/or Pacesetters as a general laborer assigned to work for RDM.

9. During her time with FW Services and/or Pacesetters and RDM, Ms. Foston received positive feedback about her performance and was not subject to any disciplinary actions.

10. Shortly after starting work for RDM, Ms. Foston's supervisor began subjecting her and other female employees to lewd and sexual comments and text messages that created a hostile and discriminatory work environment.

11. Ms. Foston promptly reported the conduct to RDM and FW Services/Pacesetters management and was immediately terminated.

12. On or around May 16, 2016, Ms. Foston filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Pacesetters and RDM. Pacesetters responded to the Charge and confirmed that it employed Ms. Foston at the times relevant.

13. The EEOC "found reasonable cause to believe" that RDM violated federal law but was unable to negotiate a settlement of Ms. Foston's claims and issued a "Right-to-Sue" letter with respect to Pacesetters and RDM. Ms. Foston's Original Complaint was filed within 90 days of Ms. Foston's receipt of those letters.

14. Following the service of Ms. Foston's Original Complaint on Pacesetters, Pacesetters, through counsel, contended that contrary to the position taken before the EEOC, it was not Ms. Foston's employer and that she was instead employed by FW Services which was allegedly doing business as "Pacesetter Personnel Services."

## IV. CAUSES OF ACTION

**A.** **Retaliation under Title VII**

15. Ms. Foston adopts and incorporates by reference the preceding paragraphs as if fully restated here.

16. Ms. Foston was jointly employed by FW Services and/or Pacesetters and RDM.

17. Ms. Foston engaged in protected conduct under Title VII when she reported sexual harassment by her supervisor to FW Services and/or Pacesetters and RDM.

18. Ms. Foston suffered an adverse employment action as a result of her protected conduct when FW Services and/or Pacesetters and RDM terminated her employment.

19. The adverse employment action taken against Ms. Foston was because of her engagement in protected conduct.

20. Ms. Foston has suffered damages as a result of FW Services' and/or Pacesetters' and RDM's misconduct, including back pay; front pay; liquidated damages; compensatory damages for the emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she has experienced as a result of FW Services' and/or Pacesetters' and RDM's misconduct; punitive damages; and costs and attorneys' fees.

B.  **Sexual Harassment under Title VII**

21. Ms. Foston adopts and incorporates by reference the preceding paragraphs as if fully restated here.

22. Ms. Foston was jointly employed by FW Services and/or Pacesetters and RDM.

23. During her employment, Ms. Foston was subjected to severe and pervasive misconduct of a sexual nature by her supervisor.

24. Ms. Foston was subjected to this misconduct because of her sex.

25. The misconduct was unwelcome.

26. The misconduct created an intimidating, oppressive, hostile environment, which materially altered the terms and conditions of Ms. Foston's employment and caused her financial injury and emotional distress.

27. Despite being made aware of the misconduct, FW Services and/or Pacesetters and RDM failed to adequately supervise, control, discipline, and/or otherwise respond to the misconduct and take reasonable steps to eliminate sexual harassment from the workplace and prevent its reoccurrence.

28. Ms. Foston has suffered damages as a result of FW Services' and/or Pacesetters' and RDM's misconduct, including back pay; front pay; liquidated damages; compensatory damages for the emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she has experienced as a result of FW Services' and/or Pacesetters' and RDM's misconduct; punitive damages; and costs and attorneys' fees.

## V. DEMAND FOR JURY

29. Plaintiff demands a trial by jury of all matters triable thereto.

## VI. PRAYER

WHEREFORE, Plaintiff Ebony Foston requests that Defendants be cited to appear and answer and on final hearing and/or trial, that judgment be entered in favor of Plaintiff as follows:

(a) Judgment in Plaintiff's favor on all causes of action;

(b) Actual damages, including front pay, back pay, and non-pecuniary losses;

(c) Compensatory damages;

(d) Liquidated and/or exemplary damages;

(e) Pre- and post-judgment interest;

(f) Attorneys' fees;

(g) Costs of suit; and

(h) Such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**LANG & ASSOCIATES, PLLC**

*/s/ Shannon A. Lang*
Shannon A. Lang
Texas Bar No. 24070103
Fed. ID No. 1103165
4301 Yoakum Boulevard
Houston, Texas  77006
(832) 479-9400 tel.
(832) 479-9421 fax
shannon.lang@shannonlanglaw.com

*Attorney for Plaintiff Ebony Foston*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2018, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system which should have generated and delivered electronic notification of the filing to all counsel of record.

*/s/ Shannon A. Lang*
Shannon A. Lang