# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| EBONY M. FOSTON § § *Plaintiff*, § § v. § § F.W. SERVICES, INC., § PACESETTER PERSONNEL § SERVICE, INC., d/b/a PACESETTER § PERSONNEL SERVICES, § KENNETH E. JOEKEL, and § ROBERT MOODY, d/b/a RDM § DETAILERS § § *Defendants*. | Case No. 4:18-cv-2027 |

## DEFENDANTS, F.W. SERVICES, INC. AND PACESETTER PERSONNEL SERVICE, INC'S OPPOSED MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION

Defendants, F.W. Services, Inc. and Pacesetter Personnel Service, Inc. ask the Court to compel Plaintiff, Ebony M. Foston, to enter into arbitration and to dismiss all claims filed by Plaintiff against it. In the alternative, should the Court grant Defendants' motion to compel arbitration but deny Defendants' motion to dismiss, Defendants request the Court stay all claims against them pending resolution of the arbitration proceeding.

## I.     INTRODUCTION AND STATEMENT OF FACTS

1. Plaintiff is Ebony M. Foston.

2. Defendants are F.W. Services, Inc. and Pacesetter Personnel Services, Inc. (herein after "Corporate Defendants"); Kenneth E. Joekel ("Joekel"), whom Plaintiff sued in his individual capacity; and Robert Moody, d/b/a RDM Detailers[1].

3. Plaintiff alleges that she was employed by both Corporate Defendants. Plaintiff was employed under the terms of an Employment Contract she signed on or around on December 8, 2015 (hereinafter "the Contract"). A true and correct copy of the Contract, partially redacted only to remove Plaintiff's social security number, is attached to this motion as Exhibit 1.

4. As part of that agreement, Plaintiff and the Corporate Defendants agreed to arbitrate any disputes or claims that may arise out of Plaintiff's employment. Specifically, the parties agreed to the following:

> I agree that any disputes arising out of my employment, <u>including any claims of discrimination, harassment, or wrongful termination</u> that I believe I have against Company and all other employment related issues (excluding only claims arising under the National Labor Relations act or otherwise within the jurisdiction of the National Labor Relations Board) will be resolved by arbitration as my <u>sole</u> remedy. […]I understand that <u>Company also agrees to arbitrate in the same manner any claims which the Company believes it has against me</u>. Applicant and Company agree to share the cost of any such arbitration.

*See* Exhibit 1 at ¶12 (emphasis added) (hereinafter sometimes referred to as "the Mutual Arbitration Agreement").

---

[1] Defendant Robert Moody, d/b/a RDM Detailers is represented by separate counsel.

*Case No. 4:18-cv-02027; Foston v. Pacesetter et al.*
*F.W. Services, Inc. and Pacesetter Personnel Service, Inc's Motion to Compel Arbitration       Page 2 of 9*

5.       Plaintiff filed her original complaint on June 19, 2018, alleging claims of sexual harassment and retaliation arising under Title VII against multiple defendants. *See* 42 U.S.C. §2000e *et seq*. F.W. Services, Inc. was not named in Plaintiff's original complaint, but on September 8, 2018, Plaintiff filed her First Amended Complaint, alleging claims for the first time against F.W. Services, Inc.[2]

6.       Counsel for the Corporate Defendants contacted Plaintiff's former counsel to advise her of the Mutual Arbitration Agreement and was instructed by Plaintiff's former counsel that Plaintiff did not agree to arbitrate the matter and to file the Motion to Compel Arbitration.

7.       In light of Plaintiff's position, the Corporate Defendants now hereby move the Court to compel Plaintiff to arbitrate the claims she asserted against the Corporate Defendants in the First Amended Complaint filed by Plaintiff on September 8, 2018.

## II.     ARGUMENT

### A.     This Case Should Be Ordered to Arbitration, Pursuant to the Parties' Written Agreement.

8.       Plaintiff's claims against the Corporate Defendants should be ordered to arbitration. When a party seeking to compel arbitration proves that the parties agreed to arbitrate, a court should compel arbitration. *Dealer Comput. Servs., Inc.*

---

[2] *See generally* Doc. No. 13.

*v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 945 (1995).

9. In this case, there is a contractual agreement to arbitrate, which Plaintiff signed and accepted as a condition of her employment with the Corporate Defendants. *See* Exhibit 1 at ¶12. That is, the Corporate Defendants offered, and Plaintiff accepted, the Mutual Arbitration Agreement, in which Plaintiff agreed to arbitrate "any disputes arising out of my employment, including any claims of discrimination, harassment, or wrongful termination that I believe I have against Company and all other employment related issues," and in which the Company similarly agreed to "arbitrate in the same manner any claims which the Company believes it has against [Plaintiff]." *See* Exhibit 1 at ¶12.

10. This Mutual Arbitration Agreement, and the Contract of which it was an integral part, was "voluntarily offered so that Company may be able to provide work for [Plaintiff] which otherwise could not be provided." *See* Exhibit 1. Plaintiff accepted all terms of the Contract as evidenced by her signature on the Contract. *See* Exhibit 1. The Company accepted all terms of the Contract, as evidenced by its actual employment of Plaintiff. *See* Doc. No. 13 at 2, ¶8 ("Ms. Foston was employed by FW Services…").

11. Furthermore, the dispute alleged by Plaintiff against the Corporate

Defendants falls squarely within the scope of the Mutual Arbitration Agreement, to the extent her complaint alleges employment discrimination, harassment, and retaliation under Title VII.  *See* Doc. No. 13 at ¶¶15-28.  The Mutual Arbitration Agreement explicitly applied to all such claims.  *See* Exhibit 1 at ¶12.  Therefore, the Mutual Arbitration Agreement requires the disputes to be submitted to arbitration, and the Court should enforce it.

12.  Having established that there is a valid agreement and that Plaintiff's dispute falls within its scope, the inquiry, then, becomes whether "any federal statute or policy renders the claims nonarbitrable."  *Sherer v. Green Tree Servicing LLC,* 548 F.3d 379, 381 (5th Cir.2008) (quoting *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir.2007)).  In this case, the answer to that question is, simply, "no."  Title VII claims such as the ones advanced by Plaintiff in this lawsuit can be and often are subjected to compulsory arbitration.  *See Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 229-230 (5th Cir. 1991) ("We hold that Title VII claims, like ADEA claims, are subject to arbitration under the FAA."); *see also Gilmer v. Interstate/Johnson Lane Corporation,* 500 U.S. 20, 111 S. Ct. 1647, 114 L.Ed.2d 26 (1991).  There is no legal constraint that renders Plaintiff's claims against the Corporate Defendants nonarbitrable, and thus, they should be referred to arbitration.

### B. Plaintiff's Claims Against the Corporate Defendants in this Lawsuit Should Be Dismissed Because They Are All Subject to the Parties' Arbitration Agreement.

13. Furthermore, because all Plaintiff's claims against the Corporate Defendants must be submitted to arbitration, dismissal of all her claims against the Corporate Defendants would be appropriate. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (emphasis in original). Where, as here, all Plaintiff's claims against the Corporate Defendants are subject to arbitration, "retaining jurisdiction and staying the action will serve no purpose." *Id*. Therefore, should the Court order this matter to arbitration, the Corporate Defendants respectfully request dismissal of Plaintiff's claims against them.

### C. If the Court Declines to Grant Dismissal, Then Plaintiff's Claims Against the Corporate Defendants Should Be Stayed Pursuant to the Federal Arbitration Act.

14. In the alternative, if the Court is inclined to not grant a dismissal at this time, the Corporate Defendants respectfully request that the Court stay all of the claims alleged by Plaintiff against the Corporate Defendants, pending the resolution of the arbitration proceedings.

15. Under Section 3 of the Federal Arbitration Act, "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable

to arbitration under an agreement in writing for such arbitration[.]" *See* 9 U.S.C. §3 (emphasis added); s*ee also Alford*, 975 F.2d at 1164 (internal quotations omitted). For the reasons stated above, Plaintiff's claims are referable to arbitration. Further, the Corporate Defendants are not in default in proceeding with arbitration because the Corporate Defendants were diligent in asserting their request for arbitration, and timely raised this motion. Thus, a stay is appropriate under Section 3 of the Federal Arbitration Act, should the Court deny the Corporate Defendants' motion to dismiss.

### III. CONCLUSION AND PRAYER

16. The Corporate Defendants have established the existence of the Mutual Arbitration Agreement, which is in writing and which was part of the Contract Plaintiff accepted, executed, and delivered to the Corporate Defendants on or around December 8, 2015. Both parties accepted and performed under the Terms of the Contract.

17. Furthermore, the allegations raised by Plaintiff in her First Amended Complaint are squarely and explicitly within the scope of the parties' Mutual Arbitration Agreement.

18. Therefore, Defendants, F. W. Services, Inc. and Pacesetter Personnel Service, Inc. respectfully request that the Court grant its motion to compel arbitration and dismiss all Plaintiff's claims against the Corporate Defendants. In the alternative, should the Court grant Defendants' motion to compel arbitration but not

its motion to dismiss, the Corporate Defendants respectfully requests that these proceedings be stayed pursuant to 9 U.S.C. §3.

Respectfully submitted,

 /s/ **Judith B. Sadler**
Texas State Bar #17511850
Federal Bar No. 9981
Rachel Sedita
Texas Bar No.: 24080428
Federal Bar No. 2228630
5300 Memorial Drive, Suite 900
Houston, Texas 77007
(713) 802-1777     Telephone
(713) 802-1779     Fax
jsadler@holmesdiggs.com
**ATTORNEYS IN CHARGE FOR DEFENDANTS, F.W. SERVICES, INC., PACESETTER PERSONEL SERVICE, INC. AND KENNETH E. JOEKEL**

**OF COUNSEL:**
**HOLMES, DIGGS & SADLER**

## CERTIFICATE OF CONFERENCE

I certify that I attempted in good faith to resolve the issues surrounding this matter without court intervention.  Specifically, on October 5, 2018, I forwarded a letter to plaintiff's counsel, Shannon Lang, in an attempt to reach an agreement on the foregoing Motion to Compel Arbitration.  Ms. Lang responded that I should "file a motion."

On October 8, 2018, counsel mailed a letter to Plaintiff with the enclosed Motion and offered to withdraw the Motion if Plaintiff would agree to proceed with arbitration. Plaintiff has not provided a phone number or email address by which she can be reached. Therefore, the matter is presented to the Court for determination.

/s/ Judith B. Sadler

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, I electronically filed the foregoing Defendant, F.W. Services, Inc.'s Motion to Compel Arbitration with the Clerk of the United States District Court using the CM/ECF system.  Notice of the filing was also sent certified mail/return receipt requested to the following:

Ebony M. Foston
500 W. Crosstimbers # 34
Houston, TX 77018
PRO SE

/s/ Judith B. Sadler