# EMPLOYMENT CONTRACT

The following agreement between Company and the undersigned, hereinafter called "applicant" or "I" shall be effective on, from and after the date of Company's acceptance hereof and is voluntarily offered so that Company may be able to provide work for the applicant which otherwise could not be provided. Company and the applicant agree as follows:

1. I understand that my employment with Company is on a day to day basis. That is, at the end of the workday, I will be deemed to have quit unless and until I request and receive a work assignment at a later date.
2. When my assignment is completed, I must report back the next business day to the Company for re-assignment. If I fail to report back, my unemployment benefits may be jeopardized.
3. If applicable, the Company shall provide transportation to and from the assignment, if requested by applicant, and I hereby agree to share in the cost of that transportation.
4. Company shall furnish applicant with any and all safety equipment requested by the customer to whom they are assigned, as needed, in the sole judgement of Company. Other safety equipment may be provided by the customer to whom the applicant is assigned. Company will not charge any fee for the use of safety equipment provided by it to the applicant, however, if said equipment is not returned by applicant, the replacement cost may be withheld from the applicant's earnings.
5. Company shall deduct from applicant's gross wages such amounts for various taxes as may be legally required to be deducted. Company will hold in its office a W2 form or 1099 statement for the applicant to claim on January 31 of any succeeding calendar year detailing the total earnings and any amounts withheld by Company in the prior year.
6. Company has the right to re-assign, control, direct and discharge the applicant. The entity to which you are assigned will also direct and control your activities while at their place of business or job site.
7. In the event the applicant should collect on any third party claim against any person, firm or entity that I worked for or was assigned to by Company, Company has the right to subrogate for any benefits, lost wages or the like which it otherwise would have been required to pay to applicant as a result of the injury.
8. Applicant agrees to submit to the supervision of Company or any person, firm or entity to whom he/she is assigned by Company.
9. Applicant shall hold Company harmless and indemnify it against any and all liability which may be asserted against Company in connection with any acts, omissions or negligence of the applicant while assigned by Company to a customer.
10. Company is committed to the principle of a dignified work environment and prohibits all forms of harassment to include, but not limited to sexual, racial, religious or ethnic harassment. Anyone believing that they are the recipient of such harassment should notify the Company immediately.
11. Applicant agrees that because irreparable damage will result to Company in the event of any breach of any covenant contained herein, that in the event of such breach on the part of the applicant, Company shall be entitled in addition to other legal or equitable remedies, an injunction to restrain the violation thereof by the applicant.
12. I agree that any disputes arising out of my employment, including any claims of discrimination, harassment or wrongful termination that I believe I have against Company and all other employment related issues (excluding only claims arising under the National Labor Relations act or otherwise within the jurisdiction of the National Labor Relations Board) will be resolved by arbitration as my sole remedy. The arbitration shall be conducted by the American Arbitration Association under its Commercial Arbitration Rules and the decision of the arbitrator shall be final and binding. I understand that Company also agrees to arbitrate in the same manner any claims which the Company believes it has against me. Applicant and Company agree to share the cost of such arbitration.
13. Any failure by either party to this agreement to exercise any of his/her/its rights hereunder shall not be deemed a waiver of the subsequent exercise of the same or any similar right. Every right provided in this agreement shall be independent of each and every other right and one right shall not act as a limitation on any other right, except as determined in a Court of law.
14. Employees and former employees are prohibited from releasing to any other party any information whatsoever about Company or its customers which is of a confidential nature or which could be deemed to constitute a "trade secret." Employees and former employees are further prohibited from using, in any manner whatsoever, information which is confidential, proprietary or privileged, whether for their personal benefit or gain, or for that of any other person. Any information which has not been disclosed publicly in writing should be treated as confidential and proprietary.
15. This agreement shall be governed and controlled by the laws of this state and shall be binding on the parties, their heirs, successors, assigns and personal representatives.
16. **I hereby authorize Company to investigate my background and verify information from the work history section of my application. I also authorize Company to release the information contained herein and its findings and work history of my employment to other firms or persons on request.**
17. Should any provision of this agreement be rendered or declared invalid by reason of any existing or subsequently enacted legislation or by a decree of a Court of competent jurisdiction, each invalidation of such part of this agreement shall not invalidate the remaining portions and they shall remain in full force and effect.
18. This agreement may only be modified in writing.

I acknowledge that I have read the foregoing agreement and certify that the information I have provided is true and correct, and that no attempt has been made to conceal pertinent information. In case of employment, any false statement or less than full disclosure of relevant information will be considered sufficient cause for dismissal.

Accepted:  
Company   x Ebony Foston

x _Ely Fy_  
Applicant  
Date 12-8-2015

Social Security Number

By: _____

**EXHIBIT 1**